United States District Court
Southern District of Texas
**ENTERED**
August 16, 2016
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHAEL J. ANTON & MAGI CROFCHECK, | § | |
| *Plaintiffs*, | § | |
| v. | § | CIVIL ACTION H-16-267 |
| NATIONAL SURETY CORPORATION, | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is defendant National Surety Corporation's ("NSC") motion for judgment on the pleadings. Dkt. 13. Michael J. Anton ("Dr. Anton") and Magi Crofcheck ("Dr. Crofcheck") (collectively, "Plaintiffs") oppose this motion. Dkt. 15. After considering the motion, response, reply, other relevant documents, and applicable law, the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND

This lawsuit involves a dispute over insurance coverage pursuant to a personal homeowner insurance policy (the "Homeowners' Policy") that was executed by the parties and became effective on November 30, 2010. Dkt. 14, Ex. 1. The Homeowners' Policy was subsequently renewed each policy year thereafter until November 20, 2014. Dkt. 1, Ex. A at 6.

On June 18, 2015, Robert Devoll ("Dr. Devoll") and his dental practice, Clear Lake Periodontics, sued Plaintiffs in state court (the "Devoll lawsuit"). Dkt. 13, Ex. A. Plaintiffs are married, and although both are dentists, they operate separate professional dental practices in the same locale as Dr. Devoll. *Id.* at 2. The allegations set forth in the Devoll lawsuit stem from a

phony review of Dr. Devoll's dental practice that Dr. Crofcheck has admitted to posting on the website Yelp on or about July 21, 2011. *Id*. at 3, 7. Dr. Crofcheck posted the review from Dr. Anton's Yelp account. *Id*. at 3. In the Yelp review, Dr. Crofcheck purported to be a patient of Dr. Devoll and accused him of unprofessional and reprehensible dental care. *Id*. at 3. Dr. Devoll argues that the phony Yelp review benefitted Plaintiffs and their respective dental practices at his expense; therefore, he seeks damages against them. *Id*. at 9–14.

Dr. Devoll's petition asserts the following causes of action against Plaintiffs: (1) violation of Texas Civil Practice and Remedies Code § 143.001; (2) negligence per se for violation of the Texas Board of Dental Examiners' Rules of Professional Conduct; (3) fraud; (4) negligence and gross negligence for (a) failing to remove the fabricated and untruthful statements from Yelp; (b) negligently maintaining and operating a home computer; (c) failing to adopt and enforce appropriate standards with regard to computer access, advertising policies, and access to their dental practices' computer networks; (5) business disparagement; and (6) intentional infliction of emotional distress. *Id*. at 22–34.

Plaintiffs timely notified NSC of the Devoll lawsuit on more than one occasion and requested defense and indemnity coverage pursuant to the Homeowners' Policy. Dkt. 1, Ex. A at 8. NSC formally denied each of Plaintiffs' requests. *Id*.

Plaintiffs filed this lawsuit on December 15, 2015, alleging that NSC has failed to fulfill its legal obligations under the Homeowners' Policy by refusing to provide defense and indemnity coverage for Plaintiffs' benefit in the Devoll lawsuit. *Id*. Plaintiffs are seeking damages for breach of contract and statutory violations and a declaration that NSC has a duty to provide defense and

indemnity coverage. *Id*. at 12–13. On February 1, 2016, NSC removed the case to this court. Dkt. 1.

On March 17, 2016, NSC filed a motion for judgment on the pleadings, arguing that its obligation to provide defense and indemnity coverage to Plaintiffs is not triggered by the Devoll lawsuit because those claims are outside the scope of the Homeowners' Policy. Dkt. 13 at 10. Specifically, NSC argues that the facts alleged in the Devoll lawsuit fall squarely within either Exclusion One, Exclusion Seven, or both Exclusion One and Exclusion Seven of the Homeowners' Policy. *Id.* at 15. On March 29, 2016, Plaintiffs filed a response to NSC's motion for judgment on the pleadings, arguing that neither Exclusion One nor Exclusion Seven encompasses all of the causes of action asserted in the Devoll lawsuit. Dkt. 15 at 12.

Exclusion One of the Homeowners' Policy excludes coverage for damages arising out of "[a]ny criminal, willful, malicious or other act or omission that is reasonably expected or intended by any insured to cause damage." Dkt. 14, Ex. 1 at 47–48. NSC argues that Exclusion One applies to all of Dr. Devoll's claims because of the intentional nature of Dr. Crofcheck's Yelp review. Dkt. 13 at 11–12. Plaintiffs, however, argue that the conduct that forms the basis of the Devoll lawsuit does not satisfy the intent requirement necessary to invoke Exclusion One. Dkt. 15 at 2.

Exclusion Seven of the Homeowners' Policy excludes coverage for damages arising out of "[b]usiness activities or business property of any insured." Dkt. 14, Ex. 1 at 48. NSC argues that Exclusion Seven applies because Dr. Devoll alleges that the sole purpose of the phony Yelp review was to enhance Plaintiffs' respective businesses at the expense of Dr. Devoll's business. Dkt. 13 at 13. Plaintiffs argue that the facts and causes of action asserted in the Devoll lawsuit lack the

requisite causal connection to Plaintiffs' business activities to satisfy Exclusion Seven and alleviate NSC of its legal obligations under the Homeowners' Policy. Dkt. 15 at 2.

NSC's motion for judgment on the pleadings has been fully briefed and is now ripe for disposition.

## II. LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "[d]esigned to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The standards for a Rule 12(c) motion for judgment on the pleadings and a 12(b)(6) motion to dismiss are the same. *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).

Rule 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Additionally, the Supreme Court has confirmed that Rule 12(b)(6) motions must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 127 S. Ct. 1955 (2007). Therefore, to withstand a Rule 12(b)(6) motion, a complaint must contain "[e]nough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Par. Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). While detailed factual allegations are not required, Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id*. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. As part of the *Twombly-Iqbal* analysis, the court proceeds in two steps. First, the court separates legal conclusions from well-pled facts. *Iqbal*, 556 U.S. at 678–79. Second, the court reviews the well-pled factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement to relief." *Id*. at 679.

A court considers only the pleadings in deciding a motion for judgment on the pleadings, but "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). Because the standards for Rule 12(c) and 12(b)(6) motions are the same, a court may consider the same kind of documents in a Rule 12(c) motion that it could consider in a Rule 12(b)(6) motion. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (permitting the consideration of additional documents in a motion for judgment on the pleadings). In addition to the pleadings filed by the parties in this case, the court will consider the Homeowners' Policy and the petition in the Devoll lawsuit in determining whether NSC's motion for judgment on the pleadings should be granted.

## III. ANALYSIS

### A. Texas Coverage Determination Law

In liability insurance policies, an insurer assumes the duty to indemnify the insured, that is, to pay all covered claims and judgments against an insured, and the duty to defend any lawsuit brought against the insured that alleges and seeks damages for an event potentially covered by the

policy, "[e]ven if groundless, false, or fraudulent." *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009). The distinction between the duty to defend and the duty to indemnify is based upon the time when the duties are determined. *Id*. The duty to defend arises prior to the completion of litigation, and therefore insurers are required to meet their defense obligation before the scope of the insured's liability has been determined. *Id*. In contrast, the duty to indemnify arises only once liability has been conclusively determined. *Id*.

Under Texas law, a court may determine that a liability insurer has no duty to indemnify when the insurer has no duty to defend, and the same reasons that negate the duty to defend negate any possibility that the insurer will ever have a duty to indemnify. *Courtland Custom Homes, Inc. v. Mid-Continent Cas. Co.*, 395 F. Supp. 2d 478, 483 (S.D. Tex. 2005) (Harmon, J.). Because the duty to defend is broader than the duty to indemnify, "logic and common sense dictate that if there is no duty to defend, then there must be no duty to indemnify." *Acceptance Ins. Co. v. Newport Classic Homes, Inc.*, No. Civ.A.3:99-CV-2010BC, 2001 WL 1478791, at *2 (N.D. Tex. Nov. 19, 2001) (citing *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998)).

Under Texas law, the court applies the "eight corners" rule to insurance coverage determinations. *Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 599 (5th Cir. 2006). Under this rule, an insurer's duty to defend is triggered when the allegations in the underlying plaintiff's petition raise a potential for coverage under the insurance policy. *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965). The insurer bears the burden of proving that the allegations contained in the underlying plaintiff's petition are excluded from coverage, and any doubt is resolved in favor of the insured. *Adamo v. State Farm Lloyds Co.*, 853 S.W.2d 673, 676 (Tex. App.—Houston [14th Dist.] 1993, pet. denied). The allegations are to be given a liberal

interpretation. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merch. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). However, if a complaint does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against the insured. *King v. Dall. Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002).

**B. Severability of the Homeowners' Policy**

As an initial matter, the court will address the issue of severability as it relates to the Homeowners' Policy executed by Plaintiffs. In its motion for judgment on the pleadings, NSC anticipated Plaintiffs would argue that, even though coverage may be excluded for Dr. Crofcheck, Dr. Anton is "innocent" and should still be entitled to coverage. Dkt. 13 at 7. NSC countered this potential argument, explaining that it is contrary to the plain language of the coverage exclusions because both exclusions apply to conduct of "any" insured. *Id.* However, in their response, Plaintiffs ultimately did not address severability. *See* Dkt. 15. The court will briefly address the issue.

Although the Devoll lawsuit primarily stems from Dr. Crofcheck's behavior, and not necessarily Dr. Anton's behavior, NSC raises exclusions to coverage which apply to "any insured." Dkt. 14, Ex. A at 47–48. Texas courts have held that the use of the word "any" indicates that the insured whom the claim is brought against need not be the same person who committed the excluded act or activity. *See TIG Specialty Ins. Co. v. Pinkmonkey.com*, 375 F.3d 365, 371 (5th Cir. 2004) (explaining that the phrase "any insured" is a more general term that applies to all insureds and not just the insured who committed the act in question). Additionally, the severability of insurance clause in the Homeowners' Policy does not change this analysis because severability clauses affect only policy exclusions that use the phrase "the insured." *See Hodges, Jr. v. Safeco Lloyds Ins. Co.*,

438 S.W.3d 698, 702 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Therefore, Exclusions One and Seven, which NSC raises to show that the Devoll lawsuit is outside the scope of coverage under the Homeowners' Policy, apply equally to both Dr. Anton and Dr. Crofcheck.

The court will now address the applicability of Exclusions One and Seven of the Homeowners' Policy to each of the claims asserted against Plaintiffs in the Devoll lawsuit.

**C. Texas Civil Practice and Remedies Code Violation**

The first cause of action that Dr. Devoll asserts against Plaintiffs is a violation of Texas Civil Practice and Remedies Code § 143.001. Dkt. 13, Ex. A at 22–23. Although it appears that Plaintiffs concede that this claim involves an intentional act as contemplated under Exclusion One of the Homeowners' Policy, the court will address the applicability of Exclusion One out of an abundance of caution. *See* Dkt. 15 at 7 ("Dr. Anton and Dr. Crofcheck do not dispute that . . . the Devoll lawsuit . . . asserts certain causes of action (e.g., . . . violation of Chapter 143 of the Civil Practice and Remedies Code) whose underlying elements involve intentional conduct.")

Texas Civil Practice and Remedies Code § 143.001 creates a cause of action for those who are injured because of a violation of Texas Penal Code § 33.07 if the conduct constituting the violation was committed knowingly or intentionally. Tex. Civ. Prac. & Rem. Code Ann. § 143.001. Texas Penal Code § 33.07 criminalizes online impersonation of another person. Tex. Penal Code Ann. § 33.07. A person commits an offense under this criminal statute if the person, without obtaining the other person's consent and with the intent to harm, defraud, intimidate, or threaten any person, uses the name or persona of another person to post or send one or more messages on or through a commercial social networking site or other Internet website. *Id.*

In support of this claim, Dr. Devoll alleges that Dr. Crofcheck concealed her true identity when she posted a false description about him on Yelp, a commercial website, without Dr. Devoll's consent. Dkt. 13, Ex. A at 6. Dr. Devoll further alleges that Dr. Crofcheck acted "[w]ith the intent that individuals who read the posting would believe the heinous posting had been posted by an actual former patient of Dr. Devoll." *Id*. at 7. Dr. Devoll also alleges that it was Dr. Crofcheck's intent to disguise her true identity when she posted the Yelp review. *Id*. Exclusion One applies to this cause of action because Dr. Devoll's allegations plainly involve intentional conduct committed by Dr. Crofcheck.

**D. Negligence Per Se**

The second cause of action that Dr. Devoll asserts against Plaintiffs is negligence per se for violation of the Texas Board of Dental Examiners' Rules of Professional Conduct. Dkt. 13, Ex. A at 24–25. The basis of this claim is that both Dr. Anton and Dr. Crofcheck, as licensed dental professionals, are subject to minimum standards of professional conduct that the State of Texas has established. *Id*.

NSC argues that Exclusion Seven of the Homeowners' Policy removes Dr. Devoll's negligence per se claim from coverage under the Homeowners' Policy. Dkt. 13 at 12–13. Exclusion Seven precludes coverage for "[p]ersonal injury . . . arising out of business activities . . . of any insured." Dkt. 14, Ex. 1 at 48.

Under Texas law, the phrase "arising out of" is interpreted broadly to mean that there is a "causal connection or relation." *Utica Nat'l Ins. Co. of Tex. v. Am. Indemnification Co.*, 141 S.W.3d 198, 203 (Tex. 2014). Moreover, Texas courts have held that "arising out of" requires "but for" causation, though not necessarily direct or proximate causation. *See Admiral Ins. Co. v. Trident*

*NGL, Inc.*, 998 S.W.2d 451, 454 (Tex. App.—Houston [1st Dist.] 1999, pet. denied); *McCarthy Bros. Co. v. Cont'l Lloyds Ins. Co.*, 7 S.W.3d 725, 730 (Tex. App.—Austin 1999, no pet.). Simply put, "'arising out of' are words of much broader significance than 'caused by.'" *Red Ball Motor Freight, Inc. v. Emp'rs. Mut. Liab. Ins. Co.*, 189 F.2d 374, 378 (5th Cir. 1951). Therefore, when an exclusion precludes coverage for injuries "arising out of" particular conduct, "[a] claim need only bear an incidental relationship to the described conduct in order for that exclusion to apply." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 458 (5th Cir. 2003).

On several occasions, Dr. Devoll's complaint alleges that the sole purpose of the phony Yelp review was to benefit Plaintiffs' respective businesses at the expense of Dr. Devoll's business because they compete for patients in the same locale. Dkt. 13, Ex. A at 9, 11–14. Put a different way, but for the competition between Plaintiffs' respective dental practices and Dr. Devoll's dental practice, the Yelp review would not have been posted. There is no doubt that an incidental relationship exists between the parties' competing dental practices and Dr. Crofcheck's negative review of Dr. Devoll. Because all of the parties operate separate practices in the same locale, they are all striving to gain the business from the same pool of individuals. Any patients that Dr. Devoll may lose as a result of the phony Yelp posting are patients that Plaintiffs may potentially gain. Further, Dr. Devoll's negligence per se claim is explicitly based on Plaintiffs' alleged violations of rules of professional conduct applicable to the dental profession. Therefore, Dr. Devoll's negligence per se claim arises directly out of Plaintiffs' "business activities" as dentists, and Exclusion Seven precludes coverage for this claim.

**E. Fraud**

The third cause of action that Dr. Devoll asserts against Plaintiffs is fraud. Dkt. 13, Ex. A at 27. Although it appears that Plaintiffs concede that this claim involves an intentional act as contemplated under Exclusion One of the Homeowners' Policy, the court will briefly address the applicability of Exclusion One out of an abundance of caution. *See* Dkt. 15 at 7 ("Dr. Anton and Dr. Crofcheck do not dispute that . . . the Devoll lawsuit . . . asserts certain causes of action (e.g., . . . fraud . . .) whose underlying elements involve intentional conduct.").

Exclusion One precludes coverage for injuries arising out of intentional acts. Dkt. 14, Ex. 1 at 47–48. Intent is an element of fraud. *In re First Merit Bank*, 52 S.W.3d 749, 758 (Tex. 2001). The Devoll lawsuit alleges that Dr. Crofcheck intentionally posted a fraudulent Yelp review for the sole purpose of harming Dr. Devoll and his dental practice. Therefore, Dr. Devoll's claim of fraud falls squarely within Exclusion One and relieves NSC of its obligation to defend and indemnify Plaintiffs with regard to Dr. Devoll's fraud claim.

**F. Negligence and Gross Negligence**

Dr. Devoll's fourth cause of action asserts several claims of negligence and/or gross negligence against Dr. Anton and Dr. Crofcheck. Dkt. 13, Ex. A at 29–32. There are several subsections of Dr. Devoll's negligence cause of action which allege: (1) negligence and/or gross negligence for failure to remove fabricated and untruthful statements; (2) negligent and/or grossly negligent use and operation of a home computer; and (3) negligence and/or gross negligence for failure to adopt and enforce appropriate standards with regard to computer access, advertising policies, and access to the dental practices' computer networks. *Id*.

Although Dr. Devoll's fourth cause of action is labeled as a negligence/gross negligence claim, in Texas coverage determination law, little weight is given to the legal label that characterizes the allegations. *Adamo*, 853 S.W.2d at 676. Rather, the determination focuses on the alleged conduct. *Id*. The court will address each subsection of Dr. Devoll's negligence claim in turn.

**1. Failure to Remove Fabricated and Untruthful Statements**

Dr. Devoll alleges a negligence/gross negligence claim against Plaintiffs for failing to remove the false Yelp review after it was intentionally posted. Dkt. 13, Ex. A at 29. NSC appears to rely on Exclusion One and Exclusion Seven to excuse its obligation to provide defense and indemnity coverage as to this claim. Dkt. 13 at 11; Dkt. 16 at 2.

Regarding Exclusion One, Dr. Devoll alleges that Plaintiffs "[k]new that there was a false posting on Yelp," and "[k]nowingly left the false posting about Dr. Devoll on Yelp for a period in excess of three (3) years." Dkt. 13, Ex. A. Dr. Devoll also alleges that Plaintiffs acted with the intent that individuals who read the posting would believe that it had been posted by an actual or former patient of Dr. Devoll. *Id.* at 7. This cause of action is plainly based on the intentional nature of Plaintiffs' failure to remove the phony post. Accordingly, by failing to remove the harmful Yelp post from the website after Dr. Crofcheck intentionally posted it, the harm that Dr. Crofcheck intended when she posted the review continued. Because of this continued harm and notwithstanding this cause of action's label as a negligence count, this cause of action clearly includes allegations of intentional conduct. Further, Exclusion One also applies to willful conduct that is "reasonably expected" to cause damage. Certainly, it could be reasonably expected that the phony Yelp review would cause continued damage to Dr. Devoll as long as the review remained available online. Therefore, Exclusion One applies to Dr. Devoll's negligence and/or gross

negligence claim for failure to remove fabricated and untruthful statements. Because Exclusion One applies, it is not necessary for the court to consider the applicability of Exclusion Seven.

**2. Maintaining the Use and Operation of a Home Computer**

In the alternative, Dr. Devoll asserts a negligence/gross negligence claim against Plaintiffs for negligent operation of a home computer and for Dr. Anton's failure to secure his Yelp account. Dkt. 13, Ex. A at 30–31. NSC relies on both Exclusions One and Seven with regard to this count. Dkt. 13 at 11; Dkt. 16 at 3.

The foundation of these allegations is the phony Yelp review, which Dr. Devoll references on several occasions in asserting this cause of action. Dkt. 13, Ex. A at 30–31. In *Adamo*, a Texas court relied on the "primary factual thrust of the petition" in finding no coverage based on a count that did not fall squarely within the asserted exclusions. *Adamo*, 853 S.W.2d at 676–77. The primary claim in the lawsuit was legal malpractice with regard to the plaintiff's dealings with the defendants as attorneys, but the plaintiff also asserted a breach of fiduciary duty claim based on his long-standing personal relationship with the defendants outside of the attorney-client relationship. *Id*. The court held that the claim based on the personal relationship among the parties was incidental to the facts giving rise to the lawsuit because the origin of the damages sought was the professional relationship. *Id*.

Similarly, Plaintiffs' use and operation of their home computer to Dr. Devoll's detriment is incidental to the primary thrust of Dr. Devoll's lawsuit — the false Yelp review. Absent the posting of the Yelp review, Plaintiffs' use and operation of their home computer would not have caused damage to Dr. Devoll. The posting of the Yelp review was intentional as contemplated by Exclusion One of the Homeowners' Policy.

It is also apparent that this claim bears a substantial relationship to the business activities of Plaintiffs and Dr. Devoll. This situation is analogous to that presented in *Allstate Texas Lloyd v. Lantz*, CIV M-08-76, 2009 WL 499699, at *1 (S.D. Tex. Feb. 23, 2009) (Crane, J.). *Lantz* involved an insurance coverage dispute for a suit filed against the insured alleging assault, sexual harassment, intentional infliction of emotional distress, and slander. *Id*. The insured, a former employee of the defendant eye care business, conceded that some of the claims were excluded but still sought coverage for the slander claim. *Id*. at *3–4. The only facts alleged to support the slander claim were that the insured "[o]rally made a false statement of fact imputing sexual misconduct against Plaintiff." *Id*. at *4. The court found that, notwithstanding the lack of factual detail provided in the slander claim, the petition made it "apparent that this claim bears a substantial relationship" to the other allegations of improper conduct in the workplace, and this was sufficient to bring the slander claim within the business pursuits exclusion. *Id*. at *5.

As in *Lantz*, the court will look to the factual foundation of the Devoll lawsuit to determine whether Exclusion Seven applies to this claim. All liability in the Devoll lawsuit relates to the false Yelp posting that was motivated by the competing businesses among Plaintiffs and Dr. Devoll. Dr. Devoll's claims are more clear on this issue than those presented in *Lantz* because Dr. Devoll references the Yelp review on several occasions in asserting this cause of action.

Because the primary thrust of Dr. Devoll's petition is the Yelp review, which was an intentional act as contemplated by Exclusion One and substantially related to business activities as contemplated by Exclusion Seven, Dr. Devoll's claim for negligent use and maintenance of a home computer is excluded from coverage.

**3. Failure to Adopt and Enforce Appropriate Standards**

Dr. Devoll also asserts a negligence/gross negligence claim against Plaintiffs for the failure of their respective dental practices to adopt and enforce appropriate standards with regard to computer access, advertising policies, and access to the practices' computer networks. Dkt. 13, Ex. A at 31–32. NSC argues that this claim relates solely to liability arising out of Plaintiffs' professional responsibilities and is therefore outside the scope of coverage pursuant to Exclusion Seven. Dkt. 13 at 9.

The court agrees that Exclusion Seven plainly applies to this claim. Indeed, the phrase "professional dental practices" is included in the claim itself. Dkt. 13, Ex. A at 30. Moreover, seven of the eight paragraphs that Dr. Devoll sets forth in support of this claim reference Plaintiffs' respective dental practices or status as dentists. Dkt. 13, Ex. A at 30–31.

Because this claim is based entirely on Plaintiffs' business activities, NSC is relieved of is legal obligations to provide coverage pursuant to Exclusion Seven of the Homeowners' Policy.

**G. Business Disparagement**

Dr. Devoll asserts a business disparagement claim against Plaintiffs related to the phony Yelp review. Dkt. 13, Ex. A at 32–34. NSC argues that this claim falls within Exclusion One of the Homeowners' Policy. Dkt. 13 at 8.

Although it appears that Plaintiffs concede that this claim involves an intentional act as contemplated under Exclusion One of the Homeowners' Policy, the court will address the applicability of Exclusion One out of an abundance of caution. *See* Dkt. 15 at 7 ("Dr. Anton and Dr. Crofcheck do not dispute that . . . the Devoll lawsuit . . . asserts certain causes of action (e.g., business disparagement . . .) whose underlying elements involve intentional conduct.")

To support his business disparagement claim, Dr. Devoll alleges that Plaintiffs intentionally posted the Yelp review knowing that the statements contained therein were false. Dkt. 13, Ex. A at 33. He also alleges that Plaintiffs "[a]cted with malice." *Id*. The crux of this claim is focused on Plaintiffs' intent to post a review that was known to be untrue. The court finds that Dr. Devoll's business disparagement claim is based on an intentional act as contemplated by Exclusion One of the Homeowners' Policy.

**H. Intentional Infliction of Emotional Distress**

Finally, Dr. Devoll asserts a claim against Plaintiffs for intentional infliction of emotional distress. Dkt. 13, Ex. A at 35. NSC argues that this claim is encompassed by Exclusion One of the Homeowners' Policy. Dkt. 13 at 11.

Although it appears that Plaintiffs concede that this claim involves an intentional act as contemplated under Exclusion One of the Homeowners' Policy, the court will address the applicability of Exclusion One out of an abundance of caution. *See* Dkt. 15 at 7 ("Dr. Anton and Dr. Crofcheck do not dispute that . . . the Devoll lawsuit . . . asserts certain causes of action (e.g., . . . intentional infliction of emotional distress . . . ) whose underlying elements involve intentional conduct.").

Dr. Devoll alleges that the Yelp review was intentionally posted to cause humiliation and financial harm to him and his business. Dkt. 13, Ex. A at 35. This claim falls squarely within Exclusion One which precludes coverage for claims arising from intentional acts. But for Plaintiffs' voluntary and intentional action of posting the review, Dr. Devoll would not have been harmed.

The court finds that all claims in the underlying Devoll lawsuit fall within exclusions from coverage contained in the Homeowners' Policy. Accordingly, NSC is not required to provide

Plaintiffs defense or indemnity coverage. Therefore, NSC's motion for judgment on the pleadings is GRANTED.

## IV. CONCLUSION

NSC's motion for judgment on the pleadings (Dkt. 13) is GRANTED. Plaintiffs' claims are DISMISSED WITH PREJUDICE. All other pending motions are DENIED AS MOOT. A final judgment will issue consistent with this opinion.

Signed at Houston, Texas on August 16, 2016.

Gray H. Miller
United States District Judge